UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HABELT,<br><br>    Plaintiff,<br><br>    v.<br><br>IRHYTHM TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-00776-EMC<br><br>**ORDER GRANTING PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND SELECTION OF LEAD COUNSEL**<br><br>Docket No. 22 |

This federal securities class action was filed on February 1, 2021. *See* Docket No. 1 (Compl.). Pending before the Court is the Public Employees' Retirement System of Mississippi's (PERSM's) unopposed motion for appointment as lead plaintiff and approval of selection of Pomerantz LLP ("Pomerantz") as lead counsel. *See* Docket No. 22 (Mot.). For the following reasons, the motion is **GRANTED**.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Defendants in this action are iRhythm Technologies, Inc. ("iRhythm") and Kevin M. King, iRhythm's President, Chief Executive Officer, and a member of the iRhythm's board of directors. *Id.* at 20–21. The complaint charges Defendants with violating sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 for misrepresenting on two occasions, in December 2020 and January 2021, iRhythm's business and operations with respect to U.S. Centers for Medicare and Medicaid's rules regarding payment policies and payment rates for certain iRhythm products and services. Compl. ¶¶ 4–10.

The class action complaint against Defendants was filed on February 1, 2021. *Id.* On April 2, 2021, Gang Chen, Bryan Hawkins, and PERSM filed competing motions to be appointed as lead

1 plaintiffs. *See* Docket Nos. 17, 18, and 22. Messrs. Hawkins and Chen withdrew their motions on April 16 and 30, respectively. *See* Docket Nos. 25, 34.

## II. DISCUSSION

### A. Lead Plaintiff

Pursuant to the Private Securities Litigation Reform Act of 1995 (PSLRA), the Court should appoint as lead plaintiff whoever has the "largest financial interest" in the relief sought by the class, provided they also satisfy the requirements of Rule 23 (typicality and adequacy). 15 U.S.C. § 784(a)(3)(B); *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *13 (N.D. Cal. Jan. 25, 2017) ("This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy."). All three of these factors weight in favor of appointing PERSM in the instant case.

First, it is undisputed that PERSM has the "largest financial interest" in this action, under any relevant metric. PERSM spent $7,944,181 to purchase 35,160 shares of iRhythm, retained 26,269 of those shares, and incurred a monetary loss of $1,809,061 during the relevant class period. *See* Docket No. 28 at 2. None of the other movants even came close to this loss amount. For example, Mr. Chen spent only $100,061 to purchase 400 shares of iRhythm, all of which he retained for a total loss of $38,930. *Id.*

Second, the claims of PERSM are typical of the class because it purchased iRhythm stock during the relevant class period and alleges that it suffered losses because of the drop in the iRhythm stock price caused by the December 2020 and January 2021 corrective disclosures alleged in the complaint. *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) ("The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992))). There are no allegations that PERSM's claims are not typical or that it is subject to affirmative defenses that the other class members are not subject to.

Finally, there are no allegations that PERSM is inadequate to serve as lead plaintiff, such

as it having a conflict of interest. To the contrary, significant losses give PERSM a sufficient stake in the litigation that will ensure vigorous prosecution.

Before withdrawing his motion, Mr. Chen argued that PERSM was an inadequate lead plaintiff because it has been appointed lead plaintiff in fourteen cases, twelve of which were commenced in the last three years, contravening the PSRLA's restriction against being appointed lead plaintiff in "more than 5 securities class actions . . . during any 3-year period." 15 U.S.C. Sec. 78u-4(a)(3)(B)(vi). But courts in this district routinely waive this "five-in-three" restriction for institutional investors like PERSM. *See e.g.*, *In re SiRF Tech. Holdings, Inc. Sec. Litig.*, No. C 08-0856 MMC, 2008 WL 2220601, at *3 (N.D. Cal. May 27, 2008) (exercising its discretion to waive five-in-three restriction "because PFRS is the presumptively most adequate lead plaintiff and no other movant has attempted to rebut PFRS's showing under Rule 23"); *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1030 (N.D. Cal. 1999) ("The Court is inclined to permit the Board to exceed the limit, as the PSLRA authorizes the Court to do."); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001) ("As is clear from the text of the statute, the Court has discretion to permit a suitable lead plaintiff to serve as such in more than five securities class actions during a three-year period."). The Court exercises its discretion to waive the five-in-three requirement because PERSM is presumptively the most adequate lead plaintiff and no other plaintiff opposes PERSM's motion.

B.  Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, PERSM selected Pomerantz as lead counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Docket No. 22-6. There is no basis for the Court to conclude that Pomerantz will be unable to protect the interests of the class in the instant case.

### III. CONCLUSION

Accordingly, the Court **GRANTS** PERSM's motion for appointment as lead plaintiff and selection of Pomerantz as lead counsel.

To ensure efficiency, the Court adopts the following protocols. First, other than Pomerantz, no other law firm shall work on this action for the putative class without prior approval of the Court. Motions for approval of additional Plaintiffs' counsel shall identify the additional Plaintiffs' counsel and their background, the specific proposed tasks, and why Pomerantz cannot perform these tasks.

Second, any individuals who will seek fees in this case, including staff, consultants, and experts, shall maintain daily, contemporaneous time records. This means that block-billing will not be permitted, and time records must account for every tenth of an hour (not a quarter of an hour). "Contemporaneous time records" means that each individual who works on this case must record their time no later than seven days after they complete each task.

Third, Pomerantz shall take every effort to minimize costs and expenses through lean staffing (*e.g.*, number of attorneys attending and billing for each deposition and court appearance) and imposing limits on travel expenses (*e.g.*, coach air fare, no luxury hotels), etc.

Finally, the Court may, in its discretion, call upon counsel to submit records as to any of these protocols and/or a report for the Court's independent review.

This order disposes of Docket No. 22.

**IT IS SO ORDERED**.

Dated: June 1, 2021

_____
EDWARD M. CHEN
United States District Judge