**POMERANTZ LLP**

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
E-mail: jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiff*

*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARK HABELT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IRHYTHM TECHNOLOGIES, INC., *et. al.*<br><br>Defendants. | CASE NO.: 3:21-cv-00776-EMC<br><br>**LEAD PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR VIOLATION OF THE SECURITIES LAWS**<br><br>Date: February 4, 2022<br>Time: 10:00 a.m.<br>Dept: Courtroom 5 – 17th Floor<br>Judge: Hon. Edward M. Chen |

1    Pursuant to Civil L.R. 7-11, Lead Plaintiff Public Employees' Retirement System of Mississippi ("Plaintiff"), by and through its counsel, respectfully seeks leave to file a sur-reply in response to new evidence and legal arguments raised for the first time in Defendants' Reply in Support of Motion to Dismiss Second Amended Complaint for Violation of the Securities Laws ("Reply").  Defendants iRhythm Technologies, Inc., Michael Coyle, Douglas Devine, and Kevin King (collectively, "Defendants") were notified and did not agree to stipulate to the filing of Lead Plaintiff's sur-reply.

Defendants' Reply seeks to resurrect abandoned arguments on the grounds that conclusory references to certain general topics, sometimes buried in footnotes, is sufficient to properly raise the issues in an opening brief.  Defs.' Reply at 2 n.1.  That is incorrect.  It is well-established that a failure to directly address an opponent's arguments or provide the requisite analysis results in waiver.  *See, e.g.*, *Parsons v. Ryan*, 949 F.3d 443, 455 n.2 (9th Cir. 2020) (holding that sparse and conclusory footnotes in an opening brief did not provide any substantive analysis, and the argument was "therefore forfeited due to inadequate briefing.").  This is not just a mere technical defect.  The Court has enforced these rules against *pro se* parties, and there is no good reason not to enforce them against Defendants represented by well-qualified counsel, who are highly experienced in federal litigation.  *See Duarte v. Freeland*, No. C-05-2780 EMC, 2008 WL 239323, at *2 (N.D. Cal. Jan. 28, 2008) (refusing to consider arguments from a *pro se* party that were raised for the first time in a reply brief).

Defendants' Reply also repeatedly refers to new reimbursement rates set by Novitas Solutions Inc. ("Novitas") on January 10, 2022, more than a month after Plaintiff filed its Opposition to the Motion to Dismiss.  Defendants repeatedly rely on this new development to defend their misleading statements and seek premature dismissal.  *See, e.g.*, Defs.' Reply at 1, 8, 9, 12 n.15.  The Court does not need to consider these arguments raised for the first time in a reply brief, *see Freeland*, 2008 WL 239323, at *2, but should the Court choose to consider them, Plaintiff respectfully seeks the Court's leave to file a sur-reply, which is attached as Exhibit A to this Motion.

Courts in the Ninth Circuit have consistently held that "[i]f a party raises a new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond." *Banga v. Experian Info. Sols., Inc.*, No. C 09-04867 SBA, 2013 WL 5539690, at *3 (N.D. Cal. Sept. 30, 2013) (citing *El Pollo Loco v. Hashim,* 316 F.3d 1032, 1040–1041 (9th Cir. 2003); *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996)); *see also Tanious v. Gattoni*, 533 F. Supp. 3d 770, 774 n.1 (N.D. Cal. 2021); *Hill v. Goodfellow Top Grade*, No. 18-CV-01474-HSG, 2020 WL 665610, at *4 (N.D. Cal. Feb. 11, 2020).

Here, there can be no dispute that Defendants' Reply raises new arguments and new evidence. As outlined in Lead Plaintiff's attached sur-reply, Defendants' Reply refers to new matters that are outside both the Class Period and not even mentioned in the Second Amended Complaint, including events that occurred after Lead Plaintiff filed its Opposition and, in the most significant instance, occurred just two (2) days before Defendants filed their Reply. *Se*e, *e.g.*, Reply, ECF No. 59, p. 1 (outlining the newly approved reimbursement rates of Novitas that were announced on January 10, 2022).

For these reasons, Lead Plaintiff respectfully seeks the Court's leave to file the attached sur-reply.

DATED:  January 21, 2022        **POMERANTZ LLP**

By:   */s/   Omar Jafri*
         Omar Jafri (admitted *pro hac vice*)

Joshua B. Silverman (admitted *pro hac vice*)
Christopher P.T. Tourek (admitted *pro hac vice*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
E-mail: jbsilverman@pomlaw.com
       ojafri@pomlaw.com
       ctourek@pomlaw.com

-and-

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
E-mail: jpafiti@pomlaw.com

-and-

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
E-mail: jalieberman@pomlaw.com
ahood@pomlaw.com

*Attorneys for Lead Plaintiff Public Employees' Retirement System of Mississippi*

### CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2022, a copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

**POMERANTZ LLP**

By: /s/ Omar Jafri
      Omar Jafri

*Lead Counsel*